UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JOHN VERGARA, CARLOS RUIZ,
and JOSE GARCIA,

    Plaintiffs,

  v.

OFFICER J. V. DAL PONTE, #18823,
OFFICER B. SRISUTCH, #7575,
OFFICER P. J. NIGRO, #670,
UNKNOWN OFFICERS, and
the CITY OF CHICAGO,

    Defendants.

## COMPLAINT

NOW COME the Plaintiffs, John Vergara (hereinafter "PLAINTIFF VERGARA"), Carlos Ruiz (hereinafter "PLAINTIFF RUIZ"), and Jose Garcia (hereinafter "PLAINTIFF GARCIA"), by and through their attorney, Blake W. Horwitz, Esq., of The Blake Horwitz Law Firm, Ltd., complaining of Officer J. V. Dal Ponte, #18823, Officer B. Srisutch, #7575, Officer P.J. Nigro, #670, and unknown individual officers (collectively "DEFENDANT OFFICERS"), and the City of Chicago (hereinafter "DEFENDANT CITY OF CHICAGO"), and state as follows:

### JURISDICTION AND VENUE

1. This is an action for damages brought pursuant to 42 U.S.C. § 1983, and the Fourth Amendment to the U.S. Constitution.

2. Jurisdiction for PLAINTIFFS' federal claims is based on 28 U.S.C. §§ 1331 and 1343(a).

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because the claims arose in this district as alleged below.

## PARTIES

4. PLAINTIFF VERGARA is a resident of the State of Illinois and a citizen of the United States.

5. PLAINTIFF RUIZ is a resident of the State of Illinois and a citizen of the United States.

6. PLAINTIFF GARCIA is a resident of the State of Illinois and a citizen of the United States.

7. DEFENDANT OFFICERS are duly appointed and sworn police officers of DEFENDANT CITY OF CHICAGO.

8. At all times material to this Complaint, DEFENDANT OFFICERS were acting in the course and scope of their employment, by ordinance and/or regulation of DEFENDANT CITY OF CHICAGO, and under the color of state law.

9. DEFENDANT OFFICERS are sued in their individual capacities.

10. DEFENDANT CITY OF CHICAGO is a municipal corporation that is duly incorporated under the laws of the State of Illinois.

11. DEFENDANT CITY OF CHICAGO is the employer and principal of DEFENDANT OFFICERS.

## FACTS

12. On or about September 29, 2011, PLAINTIFFS were at Paseo Boricua Grocery and Deli, which is located at 2706 West Division, Chicago, Illinois 60622.

13. In the early afternoon, DEFENDANT OFFICERS entered the restaurant.

14. DEFENDANT OFFICERS were wearing masks.

15. DEFENDANT OFFICERS were armed.

16. DEFENDANT OFFICERS ordered PLAINTIFF VERGARA and PLAINTIFF GARCIA to put their hands on the counter.

17. DEFENDANT OFFICERS ordered PLAINTIFF RUIZ to lie down on the ground.

18. DEFENDANT OFFICERS searched PLAINTIFFS and took their personal belongings.

19. DEFENDANT OFFICERS handcuffed PLAINTIFFS.

20. PLAINTIFFS did not violate any law immediately prior to or during their detainment.

21. DEFENDANT OFFICERS did not have an arrest warrant to stop or detain PLAINTIFF VERGARA.

22. DEFENDANT OFFICERS did not have an arrest warrant to stop or detain PLAINTIFF RUIZ.

23. DEFENDANT OFFICERS did not have an arrest warrant to stop or detain PLAINTIFF GARCIA.

24. None of the DEFENDANT OFFICERS witnessed PLAINTIFF VERGARA violate any law within seven (7) days prior to his handcuffing on September, 29, 2011.

25. None of the DEFENDANT OFFICERS witnessed PLAINTIFF RUIZ violate any law within seven (7) days prior to his handcuffing on September, 29, 2011.

26. None of the DEFENDANT OFFICERS witnessed PLAINTIFF GARCIA violate any law within seven (7) days prior to his handcuffing on September, 29, 2011.

27. DEFENDANT OFFICERS did not have any other legal justification to stop or detain PLAINTIFFS.

28. DEFENDANT OFFICERS placed PLAINTIFFS in a police vehicle.

29. DEFENDANT OFFICERS took PLAINTIFFS to a police warehouse at the intersection of South Homan Street and West Filmore Avenue (hereinafter "Homan Square").

30. DEFENDANT OFFICERS detained PLAINTIFFS against their will at Homan Square for eight to nine hours.

31. DEFENDANT OFFICERS placed PLAINTIFFS in a cell with no sink or toilet.

32. DEFENDANT OFFICERS handcuffed PLAINTIFFS to a bar on the cell's wall.

33. At no time did DEFENDANT OFFICERS read PLAINTIFFS their Miranda rights.

34. DEFENDANT OFFICERS ignored multiple requests by PLAINTIFFS to speak with an attorney.

35. DEFENDANT OFFICERS threatened to charge PLAINTIFF VERGARA with a crime if he did not provide DEFENDANT OFFICERS with information.

36. DEFENDANT OFFICERS threatened to charge PLAINTIFF RUIZ with a crime if he did not provide DEFENDANT OFFICERS with information.

37. DEFENDANT OFFICERS threatened to charge PLAINTIFF GARCIA with a crime if he did not provide DEFENDANT OFFICERS with information.

38. DEFENDANT OFFICERS attempted to coerce false confessions out of PLANTIFFS.

39. DEFENDANT OFFICERS ignored multiple requests by PLAINTIFFS to notify their families of their whereabouts.

40. DEFENDANT OFFICERS ignored multiple requests by PLAINTIFFS for food, water, and access to a restroom.

41. DEFENDANT OFFICERS ignored PLAINTIFF RUIZ'S statements about his medical problems and his requests for medicine.

42. Hours into the detainment, PLAINTIFF VERGARA specifically asked to speak with civil rights attorney Blake Horwitz.

43. The DEFENDANT OFFICER(S) then asked PLAINTIFF VERGARA if he intended to tell Mr. Horwitz about his experience at Homan Square.

44. The DEFENDANT OFFICER(S) threatened PLAINTIFF VERGARA by saying, "If you're going to tell Blake, I'm going to pin a case on you and everybody else in here."

45. DEFENDANT OFFFICERS offered to release PLAINTIFFS if they agreed not to disclose their experience at Homan Square to an attorney and/or Blake Horwitz.

46. PLAINTIFFS were intimidated by DEFENDANT OFFICERS' threats. In order to be released and to avoid criminal charges, PLAINTIFFS agreed not to reveal information about or bring lawsuits regarding their time at Homan Square.

47. After forcing PLAINTIFFS to promise that they would not tell attorneys about their detainment, DEFENDANT OFFICERS released PLAINTIFFS.

48. DEFENDANT OFFICERS returned PLAINTIFFS to the Paseo Boricua Grocery and Deli.

49. In the weeks following PLAINTIFFS' release, DEFENDANT OFFICERS drove by the Paseo Boricua Grocery and Deli on a daily basis. DEFENDANT OFFICERS yelled from their police cars that they were watching PLAINTIFFS.

50. DEFENDANT OFFICERS took active steps to prevent PLAINTIFFS from filing a lawsuit regarding their detainment at Homan Square by threatening

to charge PLAINTIFFS with crimes if they called an attorney, by driving PLAINTIFFS back to the restaurant upon their release, and by physically intimidating PLAINTIFFS.

51. Until publication of details about Homan Square in *The Guardian* newspaper, PLAINTIFFS relied on the DEFENDANT OFFICERS' threats and did not speak to attorneys about their experience at Homan Square because they were afraid of police and concerned for the safety of their families.

### COUNT I
### False Arrest Claim Pursuant to the
### Fourth Amendment and the U.S. Constitution
### (DEFENDANT OFFICERS)

52. PLAINTIFFS re-allege paragraphs 1-51 as set forth above.

53. The actions of DEFENDANT OFFICERS in detaining PLAINTIFFS without any legal justification violated their Fourth Amendment right to be free from unreasonable seizures.

WHEREFORE, PLAINTIFFS respectfully request that this Court enter Judgment in their favor and against DEFENDANT OFFICERS, and award PLAINTIFFS compensatory and punitive damages, costs and attorney's fees, and any other relief that this Court deems just and equitable.

### COUNT II
### Excessive Force Claim Pursuant to 42 U.S.C § 1983
### (DEFENDANT OFFICERS)

54. PLAINTIFFS re-allege paragraphs 1-51 as set forth above.

55. The actions of DEFENDANT OFFICERS violated PLAINTIFFS' Fourth Amendment right to be free from the use of excessive and unreasonable force.

WHEREFORE, PLAINTIFFS respectfully request that this Court enter Judgment in their favor and against DEFENDANT OFFICERS, and award PLAINTIFFS compensatory and punitive damages, costs and attorney's fees, and any other relief that this Court deems just and equitable.

### COUNT III
### Failure to Intervene Pursuant to 42 U.S.C. § 1983
### (DEFENDANT OFFICERS)

56. PLAINTIFFS re-allege paragraphs 1-51 as set forth above.

57. DEFENDANT OFFICERS present for the physical abuse of PLAINTIFFS had the opportunity, but failed to intervene and prevent such abuse.

58. The actions of DEFENDANT OFFICERS violated PLAINTIFFS' Fourth Amendment right to be free from the use of excessive and unreasonable force.

WHEREFORE, PLAINTIFFS respectfully request that this Court enter Judgment in their favor and against DEFENDANT OFFICERS, and award PLAINTIFFS compensatory and punitive damages, costs and attorney's fees, and any other relief that this Court deems just and equitable.

### COUNT IV
### Illegal Search of Person Claim Pursuant to 42 U.S.C § 1983
### (DEFENDANT OFFICERS)

59. PLAINTIFFS re-allege paragraphs 1-51 as set forth above.

60. The actions of DEFENDANT OFFICERS in searching PLAINTIFFS without any legal justification violated their Fourth Amendment right to be free from unreasonable searches and seizures.

WHEREFORE, PLAINTIFFS respectfully request that this Court enter Judgment in their favor and against DEFENDANT OFFICERS, and award PLAINTIFFS compensatory and punitive damages, costs and attorney's fees, and any other relief that this Court deems just and equitable.

## COUNT V
## Civil Conspiracy Claim Pursuant to 42 U.S.C § 1983
## (DEFENDANT OFFICERS)

61. PLAINTIFF re-alleges paragraphs 1-51 as set forth above.

62. DEFENDANT OFFICERS acted in concert pursuant to an agreement to deprive PLAINTIFFS of their constitutional rights.

63. DEFENDANT OFFICERS knowingly and intentionally schemed and worked together in a common plan to falsely arrest, illegally detain, and physically abuse PLAINTIFFS.

64. DEFENDANT OFFICERS then conspired to cover up the false arrest, illegal detention, and physical abuse of PLAINTIFFS.

WHEREFORE, PLAINTIFFS respectfully request that this Court enter Judgment in their favor and against DEFENDANT OFFICERS, and award PLAINTIFFS compensatory and punitive damages, costs and attorney's fees, and any other relief that this Court deems just and equitable.

## COUNT VI
### *Monell* Claim Pursuant to 42 U.S.C § 1983
### (DEFENDANT CITY OF CHICAGO)

65. PLAINTIFFS re-allege paragraphs 1-64 as set forth above.

66. The Constitutional violations described in this Complaint were effectuated by DEFENDANT CITY OF CHICAGO through its customs, practices, and policies (hereinafter referred to as the "City's Conduct"). The City's Conduct was the moving force behind the injuries sustained by the PLAINTIFFS and other innocent citizens.

67. Chicago police officers, for at least five years prior to September 29, 2011, arrested innocent civilians absent probable cause, and brought said individuals to Homan Square. At that location, officers interrogated, threatened and presented false evidence to civilians.

68. The innocent civilians brought to Homan Square were physically seized and essentially kidnapped by unidentified officers, placed in police vehicles, and driven to a then-secret location.

69. Once at the location, the innocent civilians were secretly detained for extended periods of time without notice to their families.

70. The detention of these innocent civilians was absent probable cause. The interrogation of these civilians occurred while they were handcuffed to a bar on the cell's wall. These civilians were not read their Miranda rights.

71. The false evidence presented to the civilians was in the form of a threat exemplified as "If you do not tell me what I want to know, I will put these drugs on you."

72. The innocent civilians brought to Homan Square were prohibited from using the restroom, eating, and/or speaking to an attorney.

73. DEFENDANT CITY OF CHICAGO'S conduct, though the actions of its policy makers, were to train its officers: to seize, transport, and secretly detain citizens at Homan Square; to detain citizens for extended periods of time while handcuffed to a bar on a cell wall; to interrogate citizens when they had not been read their Miranda rights; to deny citizens access to attorneys; to attempt to coerce false confessions out of citizens; to deny citizens the ability to tell their families of their whereabouts; to refuse citizens access to a restroom, food, or water; and to threaten citizens that they would be charged with crimes if they did not provide information.

74. These policies and practices were unreasonable under the Fourth Amendment to the U.S. Constitution, and proximately caused PLAINTIFFS to suffer damages.

75. Alternatively, the City's Conduct was to act like the proverbial ostrich and, though aware of misconduct at Homan Square, allowed the misconduct to continue to occur in such a manner as to permit officers: to seize, transport, and secretly detain citizens at Homan Square; to detain citizens for extended periods of time while handcuffed to a bar on a cell wall; to interrogate citizens when they had

not been read their Miranda rights; to deny citizens access to attorneys; to attempt to coerce false confessions out of citizens; to deny citizens the ability to tell their families of their whereabouts; to refuse citizens access to a restroom, food, or water; and to threaten citizens that they would be charged with crimes if they did not provide information.

76. The City's Conduct, as alleged above, has gone unchecked and has been allowed to exist in the City of Chicago for a significant period of time, so much so, that police officers for DEFENDANT CITY OF CHICAGO recognize that they will not be punished for committing said acts and that, in fact, said acts are either permitted or quietly consented to by superior officers of the Chicago Police Department in order to permit said conduct to re-occur.

77. These customs, as set forth above, were maintained and implemented unreasonably by official policy makers of the DEFENDANT CITY OF CHICAGO, with deliberate indifference to an obvious need, and in a manner that shocks the conscience, and were the direct and proximate cause of the unconstitutional acts committed by DEFENDANT OFFICERS and the injured suffered by PLAINTIFFS.

WHEREFORE, PLAINTIFFS respectfully request that this Court enter Judgment in their favor and against DEFENDANT CITY OF CHICAGO, and award PLAINTIFFS compensatory and punitive damages, costs and attorney's fees, and any other relief that this Court deems just and equitable.

## COUNT VII
## Indemnification Claim Pursuant to 745 ILCS 10/9-102
## (DEFENDANT CITY OF CHICAGO)

78. PLAINTIFFS re-allege paragraphs 1-77 as set forth above.

79. The acts of the DEFENDANT OFFICERS described in the above claims were willful and wanton, and committed within the scope of their employment.

80. Pursuant to 745 ILCS 10/9-102, DEFENDANT CITY OF CHICAGO is liable for any judgments in this case arising from the actions of DEFENDANT OFFICERS.

WHEREFORE, PLAINTIFFS respectfully request that this Court order DEFENDANT CITY OF CHICAGO to indemnify DEFENDANT OFFICERS for any judgment entered in this case arising from the actions of DEFENDANT OFFICERS.

## JURY DEMAND

PLAINTIFF demands trial by jury.

Respectfully submitted,
/s/ Blake Horwitz, Esq.
One of the Attorneys for PLAINTIFFS

Blake Horwitz, Esq.
**The Blake Horwitz Law Firm, Ltd.**
111 W. Washington, Suite 1611
Chicago, Illinois 60602
Telephone: (312) 676-2100