**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| JOHN VERGARA, CARLOS RUIZ, and JOSE GARCIA, ) ) ) Plaintiffs, ) ) v. ) ) OFFICER J.V. DAL PONTE, et al., ) ) Defendants. ) | No. 15-cv-02407<br><br>Judge Andrea R. Wood |

## MEMORANDUM OPINION AND ORDER

Plaintiffs John Vergara, Carlos Ruiz, and Jose Garcia claim that they were arrested without legal justification and then illegally detained at a police warehouse known as Homan Square by Chicago police officers John Dal Ponte, Boonserm Srisutch, and Perry J. Nigro (together, the "Defendant Officers"), as well as several other unknown police officers. Plaintiffs have sued the Defendant Officers and the City of Chicago (collectively, "Defendants") pursuant to 42 U.S.C. § 1983 for alleged violations of their rights under the Fourth Amendment to the United States Constitution. Before the Court is Defendants' Motion to Dismiss ("Motion") (Dkt. No. 22), in which they contend, first, that all counts against them are time-barred because the Complaint was filed after the statute of limitations had expired; and second, that Plaintiffs have failed to plead a plausible claim against the City of Chicago under *Monell v. Department of Social Services*, 436 U.S. 658 (1978). Because the Court finds that the Complaint was filed after the statute of limitations had expired and that the doctrine of equitable estoppel does not apply to these circumstances, the Motion is granted.

# BACKGROUND

The following facts are taken from the Complaint and accepted as true for purposes of the Motion.[1]

On or about September 29, 2011, Plaintiffs were at a grocery store when the Defendant Officers entered the store armed and wearing masks. (Compl. ¶¶ 12–15, Dkt. No. 1.) The Defendant Officers searched and handcuffed Plaintiffs without an arrest warrant to stop or detain them, even though Plaintiffs had not violated any law. (*Id*. ¶¶ 18–19, 20–23.) The Defendant Officers then placed Plaintiffs in a police vehicle and took them to Homan Square. (*Id.* ¶¶ 28–29.) There, Defendants Officers detained Plaintiffs for eight or nine hours, during which time the Defendant Officers did not read Plaintiffs their rights, as required by *Miranda v. Arizona*, 384 U.S. 436 (1966), and ignored Plaintiffs' multiple requests to speak with an attorney. (*Id*. ¶¶ 30, 33–34.) The Defendant Officers also attempted to coerce false confessions from Plaintiffs and threatened to charge them with crimes if they did not provide the Defendant Officers with information. (*Id*. ¶¶ 35–38.) During his detention, Vergara asked to speak with a civil rights attorney. (*Id.* ¶¶ 33–34.) In response, the Defendant Officers threatened to "pin a case" on Plaintiffs if Vergara spoke to any lawyer. (*Id*. ¶¶ 43–44.) Plaintiffs' ordeal eventually ended when the Defendant Officers offered to release Plaintiffs, but only if they agreed not to disclose their experience at Homan Square. (*Id*. ¶ 46.) Plaintiffs agreed and were released. *(Id*. ¶ 47.)

On a daily basis over the weeks following Plaintiffs' release, the Defendant Officers drove by the grocery store where the Defendant Officers originally arrested Plaintiffs and yelled from their police cars that they "were watching" Plaintiffs. (*Id*. ¶ 49.) Still, out of fear of the

---

[1] For purposes of a motion to dismiss, the Court takes all well-pleaded facts alleged in the complaint as true and makes all reasonable inferences in favor of the plaintiff. *Sanville v. McCaughtry*, 266 F.3d 724, 732 (7th Cir. 2001).

police, Plaintiffs did not speak to attorneys about their experience until *The Guardian* published an article about Homan Square.[2] (*Id.* ¶ 51.) Plaintiffs subsequently filed the present lawsuit on March 19, 2015. (Dkt. No. 1.) The Complaint asserts claims against the Defendant Officers for false arrest, use of excessive force, failure to intervene, illegal search of a person, and civil conspiracy. Plaintiffs also assert a *Monell* claim and an indemnification claim against the City of Chicago.

## DISCUSSION

Defendants ask this Court to dismiss all of the claims against them pursuant to Federal Rule of Civil Procedure 12(b)(6). "A motion under Rule 12(b)(6) tests whether the complaint states a claim on which relief may be granted." *Richards v. Mitcheff*, 696 F.3d 635, 637 (7th Cir. 2012). "To survive a motion to dismiss under Rule 12(b)(6), a complaint must 'state a claim to relief that is plausible on its face.'" *Adams v. City of Indianapolis*, 742 F.3d 720, 728 (7th Cir. 2014) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). When reviewing a plaintiff's complaint, the Court must accept all of the well-pleaded factual allegations as true. *Id.*

Defendants argue that Plaintiffs' Complaint should be dismissed as time-barred. Claims brought pursuant to § 1983 are subject to the statute of limitations applicable to personal injuries in the state where the injury occurred. *Savory v. Lyons,* 469 F.3d 667, 672 (7th Cir. 2006) (citing *Kelly v. City of Chi.,* 4 F.3d 509, 510 (7th Cir. 1993)). Therefore, Illinois's two-year

---

[2] The parties dispute which article Plaintiffs read in the *Guardian* and when it was published. (*See* Mot. to Dismiss at 10 n.1., Dkt. No. 22; Resp. to Mot. to Dismiss at 10, 13, Dkt. No. 33.) The parties do agree, however, that the article was an exposé that described Homan Square as a "black site" where the police detain citizens under suspicious circumstances. (Reply to Mot. to Dismiss at 5, Dkt. No. 34.)

3

statute of limitations for personal injury lawsuits applies here. *Shropshear v. Corp. Counsel of City of Chi.,* 275 F.3d 593, 594 (7th Cir. 2001) (citing *Henderson v. Bolanda*, 253 F.3d 928, 931 (7th Cir. 2001); 735 ILCS 5/13–202). Although dismissal at the pleading stage on statute of limitations grounds often would be premature, it is appropriate when the allegations of the complaint show that relief is barred. *Limestone Dev. Corp. v. Vill. of Lemont, Ill.*, 520 F.3d 797, 802 (7th Cir. 2008). And here, the allegations on the face of the Complaint establish that the conduct at issue took place on September 29, 2011, yet Plaintiffs did not file their lawsuit until three-and-a-half years later on March 19, 2015. (Compl. ¶ 12, Dkt. No. 12.) Plaintiffs did not bring their claims until well after the two-year statute of limitations had expired. Thus, this action must be dismissed as time-barred unless Plaintiffs can demonstrate that the statute of limitations should be tolled for some reason. The reason offered by Plaintiffs relies on the doctrine of equitable estoppel.

Courts apply the doctrine of equitable estoppel to prevent a defendant from using the expiration of a statute of limitations as a defense when it was the defendant's own conduct that prevented the plaintiff from filing within the statutory time period. *Ashafa v. City of Chicago,* 146 F.3d 459, 462 (7th Cir. 1998). The Seventh Circuit has held that, "in a case such as this, where the federal court is applying a (borrowed) state statute of limitations, the federal doctrine of equitable estoppel, not the state doctrine, controls." *Shropshear*, 275 F.3d at 598. Under federal law, the defense of equitable estoppel may be based on "[a]ny deliberate or otherwise blameworthy conduct by the defendant that causes the plaintiff to miss the statutory deadline." *Id.* at 597. "Equitable estoppel comes into play if the defendant takes active steps to prevent the plaintiff from suing in time," and is not to be confused with equitable tolling, which "permits a plaintiff to avoid the bar of the statute of limitations if despite the exercise of all due

4

diligence he is unable to obtain vital information bearing on the existence of his claim." *Id.* at 595. Equitable estoppel applies when (1) the defendant exhibited deliberate, blameworthy conduct beyond the wrongdoing alleged, (2) the plaintiff's delay in filing suit was due to the plaintiff actually and reasonably relying upon the defendant's improper conduct, and (3) the plaintiff filed suit promptly after the conduct that resulted in the estoppel is removed. *Shropshear,* 275 F.3d at 597–98; *Hentosh v. Herman M. Finch Univ. of Health Sciences/The Chi. Med. Sch.,* 167 F.3d 1170, 1174 (7th Cir. 1999); *Ashafa,* 146 F.3d at 464.

The Court first considers whether Plaintiffs have identified "[a]ny deliberate or otherwise blameworthy conduct" that caused them to miss the statutory deadline. *Shropshear,* 275 F.3d at 597. Underlying misconduct by officers is not enough to demonstrate that the statute of limitations should be stayed; the misconduct must also conceal the alleged harm that the plaintiff suffered. *Ramirez v. City of Chi.*, No. 09 C 5119, 2009 WL 1904416, at *2, 4 (N.D. Ill. July 1, 2009). Affirmative action can be indicated "expressly or impliedly . . . to discourage [the Plaintiff] from bringing the claims in the instant action." *Id.* at *5. Fear of reprisal from the police on its own is not enough. *Reyes v. City of Chi.*, 585 F. Supp. 2d 1010, 1016 (N.D. Ill. 2008). But when that fear is based upon threats made with the intent to prevent a plaintiff from filing suit, those threats constitute affirmative steps separate from the underlying wrong. *Cook,* 2014 WL 4493813 at *4.

Here, the Defendant Officers' misconduct extended beyond Plaintiffs' time at Homan Square and caused a fear of the police that prevented Plaintiffs from timely filing suit. Specifically, Plaintiffs allege that in the weeks following their detention at Homan Square, the Defendant Officers drove by the grocery store that Plaintiffs frequented and yelled from their police cars that they were watching Plaintiffs. (*Id.* ¶ 49.) The Defendant Officers' conduct surely

5

could be viewed as an implicit threat of police reprisal should Plaintiffs report their experiences at Homan Square. (*Id.* ¶¶ 45, 47.) Those threats went beyond the underlying wrongdoing upon which Plaintiffs' claim was brought; thus, Plaintiffs have adequately alleged that the Defendant Officers acted affirmatively to prevent them from filing suit.

The Court next looks to whether Plaintiffs actually and reasonably relied on the Defendant Officers' conduct. *Hentosh,* 167 F.3d at 1174 (citing *Wheeldon v. Monon Corp.*, 946 F.2d 533, 537 (7th Cir. 1991) (citation omitted)). A court may apply the doctrine of equitable estoppel when there is a casual link between the defendant's relied upon conduct and the plaintiff's delay in filing suit. *Castro v. City of Chi.,* No. 07 CV 941, 2013 WL 5435275, at *3 (N.D. Ill. Sept. 30, 2013); s*ee also Barry Aviation Inc. v. Land O'Lakes Mun. Airport,* 377 F.3d 682, 689 (7th Cir. 2004). Plaintiffs here allege that the Defendant Officers' threats caused them to have a fear of reprisal that prevented Plaintiffs from filing suit. Therefore, the pleading adequately establishes that Plaintiffs did actually and reasonably rely on the threats while they were made.

Though the facts alleged by Plaintiffs are sufficient to establish the first and second elements of equitable estoppel, they fail to establish the third element: that Plaintiffs filed suit promptly after the obstacle to filing was removed. Even when plaintiffs reasonably rely on threats of reprisal, they do not have an endless amount of time to file suit. *Shropshear,* 275 F.3d at 597. A change in the immediacy of the defendant's threat diminishes the reasonableness of any continued fear and eliminates the effect of the defendant's conduct. *Castro,* 2013 WL 5435275 at *1. Without facts supporting the reiteration of threats by the defendants, a plaintiff fails to demonstrate that he reasonably relied upon the defendant's conduct. *Id*. at *3. Although the Seventh Circuit has not specified a time-limit for bringing claims in these circumstances, it

has emphasized that once the circumstance giving rise to the estoppel is removed, the plaintiff must file suit. *Id.* (citing *Shropshear*, 275 F.3d at 597.)

In this case, the threats that Plaintiffs allege prevented them from bringing suit earlier lasted only a matter of weeks. At most, then, the statute of limitations was stayed for the weeks following the Defendant Officers' conduct at Homan Square in 2011. Once the Defendant Officers were no longer present to enforce the threats, Plaintiffs could no longer have reasonably relied on a fear of reprisal to prevent them from filing suit, as a general fear of police retaliation will not circumvent the statute of limitations. *Castro,* 2013 WL 5435275 at *3 (citing *Beckel,* 301 F.3d at 624; *Ramirez,* 2009 WL 1904416 at *5). Nonetheless, Plaintiffs waited until 2015 to file suit—*i.e.*, approximately one year after the statute of limitations had run. Based on Plaintiffs' own allegations, the Court cannot conclude that the Defendant Officers' conduct over the few weeks following the incident warrants tolling the statute of limitations for at least a year.

Furthermore, although Plaintiffs argue that they only finally felt safe enough to file suit once details about Homan Square were printed in *The Guardian* newspaper (Resp. to Mot. to Dismiss at 3, Dkt. No. 33), the deliberate misconduct allegedly committed by the Defendant Officers ended just weeks after the illegal arrest and detention. Accordingly, the facts alleged by Plaintiffs establish that the Complaint is time-barred and provide no basis for the Court to apply the doctrine of equitable estoppel to permit the claims to proceed. Because the Court concludes that Plaintiffs' entire action is time-barred, there is no need to address the sufficiency of Plaintiffs' *Monell* claim against the City of Chicago.

## CONCLUSION

For the foregoing reasons, the Defendants' Motion to Dismiss is GRANTED.

ENTERED:

Dated: January 31, 2018

Andrea R. Wood
United States District Judge